**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAMES M. BOYD,

      Petitioner,

v.                                            **No. 13-cv-0331 JAP/SMV**

TROY JONES,

      Respondent.

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Petitioner's challenge to his involuntary custody at the New Mexico Behavioral Health Institute [Doc. 1], filed on April 8, 2013. The Honorable James A. Parker, Senior United States District Judge, referred the matter to me on April 15, 2013, for recommendation of an ultimate disposition. [Doc. 2]. Respondent answered on May 31, 2013. [Doc. 16]. Because Petitioner's criminal proceedings are ongoing, I recommend that the Court abstain from exercising jurisdiction and dismiss the action without prejudice.

**Background**

Petitioner was indicted in state court by a grand jury on two counts of aggravated battery on a peace officer in violation of NMSA 1978, § 30-22-25, on or around January 11, 2011. [Doc. 16-1] at 14–17. The charges in that case—number D-202-CR-2011000111—stemmed from Petitioner's allegedly "inflicting great bodily harm" on an Albuquerque Police Officer, on or around December 21, 2010. Eventually, on or around March 20 or 22, 2012, those charges were dismissed by the Honorable Jacqueline Flores, state district judge, without prejudice, due to Petitioner's continued incompetency to proceed. [Doc. 16-1] at 22, 23.

Meanwhile, on or around August 19, 2011, Petitioner allegedly unlawfully assaulted a jail, causing more than $1,000 in damages to the windows of his cell.  [Doc 16-1] at 1–3.  He was indicted in state court by the grand jury on December 20, 2011, in case number D-202-CR-2011005886.  [Doc. 16-1] at 1.  The Honorable Kenneth Martinez, state district court judge, found Petitioner incompetent and dangerous and ordered him to undergo treatment to restore him to competency.  [Doc. 16-1] at 4–9.  Currently, Petitioner is in the custody of Respondent, administrator of the New Mexico Behavioral Health Institute, pursuant to Judge Martinez's order.  [Doc. 16-1] at 6–9 (commitment order); [Doc. 1] at 1–2 (Petitioner's allegations); [Doc. 16] at 2.  Respondent reports that Judge Martinez held a status conference on June 10, 2013, and another is set for July 23, 2013, because treatment efforts to restore Petitioner to competency remain ongoing.  [Doc. 17].

## Analysis

Petitioner seeks monetary damages but fails to identify any legal authority for his claims. He argues that he should have been notified of Judge Flores's order dismissing his charges in case number D-202-CR-201100111 so that he did not "languish" in custody.  [Doc. 1] at 5, 13. He asserts that he is not incompetent and complains that he has received no responses (except from the Judicial Standards Commission) to his "[one] year of raising/filing TORT [claims]." [Doc. 1] at 7.  Further, he argues that his two separate criminal cases amount to abuse of process. [Doc. 1] at 15.  Finally, he asserts that he is entitled to relief on double jeopardy grounds. [Doc. 1] at 8, 15.  He does not seek release or to compel the state court to bring him to trial.  It is not entirely clear whether Petitioner's action should be construed as one for relief under 28

2

U.S.C. § 2241 and/or 42 U.S.C. § 1983, but irrespective of the governing statute(s), no case "permit[s] the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 485–86, 493 (1973).

### *Younger* Abstention

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 46 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps*, 122 F.3d at 889. Abstention under *Younger* is jurisdictional in nature, *see Phelps*, 122 F.3d at 889, and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

Here, all three *Younger* conditions are met. First, Petitioner challenges an *ongoing* state criminal proceeding, namely in case number D-202-CR-2011005886. It matters not that

the charges in the other case, number D-202-CR-2011000111, were dismissed without prejudice.

Second, Petitioner has not plausibly argued that the state courts do not offer an adequate forum to hear his federal claims. Accordingly, the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues. *See Younger,* 401 U.S. at 43–44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10–12 (1987) (noting that the *Younger* abstention "offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests") (quoting *Moore v. Sims*, 442 U.S. 415, 429–30 (1979)).

With respect to the third condition, the State has an important interest in the administration of its Criminal Code, *see Penzoil*, 481 U.S. at 12-13, as well as the state competency procedures set forth in NMSA 1978, §§ 31-9-1 to -2. "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45). Moreover, matters concerning the competency of criminal defendants are traditionally areas of state concern. *See*, *e.g.*, *Pate v. Robinson,* 383 U.S. 375, 385 (1966) (discussing application of Illinois competency statutes in conjunction with holding that petitioner did not waive defense of incompetency to stand trial); *Drope v. Missouri*, 420 U.S. 162 (1975) (concluding that Missouri competency procedures were constitutionally adequate but not properly applied).

Petitioner's criminal proceedings are governed—perhaps exclusively—by New Mexico law. Unless some exception applies, this Court should abstain from hearing the case.

To establish extraordinary or special circumstances to trigger an exception to the *Younger* abstention, Petitioner must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps v. Hamilton*, 59 F.3d at 1058, 1064 (10th Cir. 1995) (internal quotation marks omitted). Petitioner, however, "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown[.]'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Petitioner's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* Here, Petitioner fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. He also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case against Petitioner has been conducted in such a way as to

constitute harassment or an abuse of prosecutorial discretion.  Petitioner's allegations of "abuse of process" are conclusory and unpersuasive.  I find that no exception to *Younger* applies.

    **IT IS THEREFORE RESPECFULLY RECOMMENDED** that the Court abstain from exercising jurisdiction under *Younger v. Harris* and **DISMISS** the case **without prejudice**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

6